UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

          Petitioner,           Case No. 1:19-cv-759

v.                                     Honorable Paul L. Maloney

S.L. BURT,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. **Factual allegations**

Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Petitioner pleaded nolo contendere in the Wayne County Circuit Court to three counts of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b, and to being a third-offense felony offender, Mich. Comp. Laws § 769.11. On May 2, 2019, the court sentenced Petitioner to three concurrent prison terms of 17 years, 6 months to 35 years.

According to his habeas application, Petitioner did not seek leave to appeal his judgment of conviction. Instead, he filed an application for leave to appeal to the Michigan Court of Appeals from the trial court's March 11, 2019, denial of an unspecified pre-plea motion. In an order entered on April 16, 2019, the court of appeals denied leave to appeal on the interlocutory matter. Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 10, 2019.

On October 14, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on October 14, 2019. (Am. Pet., ECF No. 3, PageID.18.)

The petition raises one ground for relief, as follows:

I. THE TRIAL COURT ENTERED A DECISION ON A MOTION ON 3-11-19, THE COA'S SAID THEY DID NOT ENTER A DECISION, AND DENIED LEAVE, THEN, THE MICHIGAN SUPREME COURT DENIED LEAVE[.] HAD THE LOWER COURT ENTERED THE PROPER DECISION, THEN THE CASE NEVER WOULD HAVE

>   WENT TO PLEA, AND IN FACT WOULD HAVE WENT TO TRIAL.
>   AS ORIGINALLY STATED ON THE RECORD.

(*Id.*, PageID.10.)

**II.     Exhaustion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard*, 404 U.S. at 275-77, *cited in Duncan*, 513 U.S. at 365, *and Anderson*, 459 U.S. at 6. Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact

3

pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)). Instead, a petitioner must *properly* exhaust his state-court remedies by fairly presenting his claims to the state courts in the manner established by the state. *O'Sullivan*, 526 U.S. at 848.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner alleges that he filed an application for interlocutory appeal of the denial of his pre-plea motion in both the Michigan Court of Appeals and the Michigan Supreme Court. The court of appeals, however, concluded that it lacked jurisdiction, because the application was premature. Petitioner did not seek leave to appeal his judgment of conviction. Petitioner therefore has not exhausted his claims, because he presented them in a procedurally improper way, as determined by the Michigan Court of Appeals.

While a federal court sitting on habeas review may not grant relief on unexhausted claims, the court retains authority to deny a petition on the merits, notwithstanding the lack of exhaustion. 28 U.S.C. § 2254(b)(2). Because Petitioner's unexhausted claim lacks merit, the Court will proceed with its analysis of Petitioner's claim.

4

### III. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the

Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**IV.   Discussion**

Petitioner's sole habeas ground raises two principal issues.  First, Petitioner asks this Court to overturn the state court's erroneous determination that it lacked jurisdiction to consider his interlocutory appeal.  Second, Petitioner asks the Court to overturn his nolo contendere plea, because he was not able to obtain appellate review of the trial court's denial of a pre-plea motion.

Petitioner's first argument is not cognizable in this proceeding.  "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).  A habeas petition must "state facts that point to a 'real possibility of constitutional error.'"  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).  The federal courts have no power to intervene on the basis of a perceived error of state law.  *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'"  *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).  *See also Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same).  As a consequence, this Court is barred from reviewing the court of appeals' determination that it lacked jurisdiction over the appeal.

Petitioner's second argument—that the trial court wrongly decided his pre-plea motion—was waived by the entry of his plea.  It has long been the case that a valid guilty plea bars

7

habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. As the United States Supreme Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including both a claim about the wrongfulness of a trial court's denial of a pre-plea motion and a claim that he was entitled to appellate review of the trial court's decision.

In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted). Thus, a plea of *nolo contendere* waives nonjurisdictional claims in the same way that a plea of guilty does. *See Post v.*

8

*Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010) (stating that, "[b]y pleading no contest, Post waived any objection to the sufficiency of the evidence"); *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982) (stating that, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him").

Petitioner does not challenge the jurisdiction of the circuit court in convicting him. Nor does he challenge the voluntariness of his plea. Instead, he claims only that he would not have entered a plea, if only he could have persuaded the state trial and appellate courts that his motion was meritorious. Under the cited authority, by entering a plea of nolo contendere, Petitioner waived any challenge to the trial court's denial of his unspecified pre-plea motion. He therefore is not entitled to habeas relief.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

9

claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   April 20, 2020                         /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge