UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK LEE SMITH,

        Petitioner,               Case No. 1:19-cv-759

v.                                   Honorable Paul L. Maloney

S. L. BURT,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On September 16, 2019, Petitioner filed a habeas corpus petition in this Court challenging the convictions that resulted in some of the sentences he is presently serving.[1] The petition was dismissed on April 20, 2020, for failure to raise a meritorious federal claim. Petitioner has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 35.) Petitioner has filed several post-judgment motions seeking relief. (ECF Nos. 15, 16, 17, 20, 27, 28, 29, 30.)

When a Rule 60(b) motion is filed in a habeas case, the Court must determine whether consideration of the motion might have the effect of circumventing the "second or

---

[1] Petitioner is presently serving s string of consecutive sentences imposed by the Wayne County Circuit Court in four separate criminal proceedings. This proceeding relates only to the most recent convictions and sentences imposed in Wayne County Circuit Court Case No. 19-000756-01-FC.

successive" petition filing limitations of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). Of course, before a petition might be second or successive, there must be a "first" petition.

The habeas petition filed in this case is Petitioner's first. This Court has entered a final judgment denying the petition and the Court yielded jurisdiction to the Sixth Circuit Court of Appeals by virtue of Petitioner's timely notice of appeal. By order entered October 16, 2020, (ECF No. 33), the Court of Appeals denied a certificate of appealability. The Sixth Circuit made clear that "any new claims that Smith raises challenging his 2019 convictions are subject to the rules governing second or successive § 2254 petitions." (ECF No. 33, PageID.211–212.)

Under *Gonzalez*, a Rule 60(b) motion might be a second or successive habeas petition if it presents a claim, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. The Supreme Court identified several circumstances where a Rule 60(b) motion presents a claim: where the motion seeks to present a new claim of constitutional error not previously presented; (2) where the motion seeks to present new evidence in support of a claim previously denied; or (3) where the motion contends that a subsequent change in substantive law warrants relief from the previous denial of a claim. *Id*. at 530–32. Similarly, a Rule 60(b) motion "can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits* . . . ." *Id*. at 532 (emphasis in original).

The Supreme Court also identified circumstances where a Rule 60(b) motion does not present a claim and, thus, does not run afoul of the second or successive petition filing limitations of § 2244(b). "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or

rules." *Id*. at 533. That might be the case where the Rule 60(b) challenges as erroneous "a previous ruling that precluded a merits determination . . . a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4; *see also Franklin*, 839 F.3d at 473.

This Court denied the petition on the merits. (Op., ECF No. 11.) Petitioner's motion asks the Court to reconsider that merits determination because of an alleged retroactive change in the Michigan Court Rules. Under *Gonzalez*, Petitioner's motion presents a claim or claims that this Court may not consider absent an order from the Sixth Circuit Court of Appeals permitting such consideration under 28 U.S.C. § 2244(b). Where a second or successive petition for habeas corpus relief is filed in this Court without authorization by the court of appeals, the matter should be transferred to the Sixth Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (ECF No. 35), construed as a second or successive habeas petition under *Gonzalez*, is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: July 8, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge